Citation Nr: 1744027 
Decision Date: 09/27/17 Archive Date: 10/10/17

DOCKET NO. 10-39 410 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to service connection for a lumbar spine disorder. 


REPRESENTATION

Veteran represented by: D. Krasnegor, Esq. 


WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse


ATTORNEY FOR THE BOARD

K. Anderson, Counsel


INTRODUCTION

The Veteran served on active duty for training (ACDUTRA) from November 1976 to March 1977, on active duty from September 1978 to August 1992, and on active duty from July 1996 to July 1997. 

This claim comes to the Board of Veterans Appeals (Board) from rating decision(s) of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina. 

In August 2015, the Veteran testified before a Veterans Law Judge (VLJ) at a Travel Board hearing at the RO in Columbia, South Carolina; a transcript is of record. Since the time of this hearing, the VLJ who held the hearing retired. In August 2017, the Veteran was given an opportunity to testify at another hearing. He declined this option in a September 2017 reply. 

In May 2016, the Board issued a decision that denied the Veteran's claim for service connection for a back disability. The Veteran appealed that decision to the United States Court of Appeals for Veterans Claims (Court). In February 2017, the Court granted a Joint Motion for Remand (JMR) by the Veteran's representative and VA General Counsel. In order to comply with the JMR, the Board is once again remanding this claim for further development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The record includes three medical opinions from the same VA examiner, dated in December 2010, February 2011, and March 2011. In the December 2010 opinion, the examiner was unable to provide a nexus opinion because the claims file had not been made available for review. In February 2011, the examiner found that the Veteran's current back disability was not related to service because available service medical records did not show an in-service event. In the March 2011 addendum opinion, the examiner noted that the Veteran's service medical records documented an in-service back strain with low back pain "for 24 hours" and that "the patient is currently complaining of issues of low back pain for 7 years now." The examiner noted that it is very common for people in general to have occasional low back pain but found that "there is no evidence that he had significant pathology or issues occurring [in service]." The examiner found that it was less likely than not that the current issues the Veteran was having are related to his military service. 

The parties of the JMR agreed that remand is warranted because the March 2011 VA medical opinion is inadequate in that it lacks a sufficient rationale. The JMR specifically noted that while the March 2011 VA examiner noted that the Veteran has in-service back pain for "24 hours", service treatment records reflect complaints of back pain for five days in July 1989 and for four days in June 1989. The JMR determined that the March 2011 was insufficient and inaccurate because service treatment records indicate that the Veteran's back pain lasted several days in service and not 24 hours as the March 2011 examiner suggested. As such, the Board must remand the appeal to obtain an additional medical opinion that takes into account a more accurate picture of the Veteran's complaints of back pain during service. See generally Bowling v. Principi, 15 Vet. App. 1, 12 (2001) (emphasizing the Board's duty to return an inadequate examination report "if further evidence or clarification of the evidence . . . is essential for a proper appellate decision").

Accordingly, the case is REMANDED for the following action:

1. Obtain a medical opinion from a qualified clinician, other than the clinician who provided the December 2010, February 2011, and March 2011 medical opinions, which addresses the etiology of the Veteran's currently-diagnosed back disability. No examination needs to be conducted, unless the reviewing clinician deems it necessary. The entire claims file must be reviewed by the reviewing clinician. 

Based on a review of the record, the reviewing clinician is asked to provide an opinion as to whether it is at least as likely as not (50 percent or better probability) that the Veteran's back disability had its onset during military service or is otherwise related to his active service. 

In forming this opinion, the reviewing clinician should consider and discuss the June 1989 service treatment records reflecting complaints of back pain of four days duration with an assessment of "mechanical back strain" together with the July 1989 service treatment records that reflect back pain for the five days prior. 

A complete rationale for all opinions is required. 

2. After completing the above, re-adjudicate the Veteran's appeal. If the benefit sought on appeal is denied in whole or in part, he and his representative should be provided with a Supplemental Statement of the Case. An appropriate period of time should be allowed for response. 


The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).




 (CONTINUED ON NEXT PAGE)


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DONNIE R. HACHEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).